# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs at Knoxville, August 21, 2013

## CANTRELL LASHONE WINTERS[1] v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2008-B-1674      Steve Dozier, Judge**

_____

**No. M2012-02380-CCA-R3-PC - Filed September 11, 2013**

_____

Petitioner, Cantrell Lashone Winters, stands convicted of possession of 50 grams or more of hydromorphone in a school zone with intent to sell, a Class A felony, and Class E felony evading arrest. *See State v. Cantrell Lashone Winters*, M2009-01164-CCA-R3-CD, 2011 WL 1085101, at *1 (Tenn. Crim. App. March 24, 2011), *no perm. app. filed*. The trial court sentenced him to an effective sentence of thirty-four years in the Tennessee Department of Correction. Petitioner filed for post-conviction relief, alleging that he had received ineffective assistance of counsel. The post-conviction court denied relief, and petitioner now appeals. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Chelsea Nicholson and Matthew P. Stephens, Nashville, Tennessee, for the appellant, Cantrell Lashone Winters.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

_____

[1] In much of the record, petitioner's name is spelled "Cantrelle." However, in his pro se petition for post-conviction relief, he spelled his name "Cantrell;" therefore, for purposes of this opinion, we will use petitioner's spelling of his name.

# OPINION

## I. Facts

In this court's opinion disposing of petitioner's direct appeal, the facts presented at trial were summarized as follows:

> On September 7, 2006, Metropolitan Nashville Police Department ("Metro") Flex Unit patrol officer Shane Fairbanks was patrolling an area in East Nashville when he observed [petitioner] driving a Toyota Camry toward the intersection of Greenwood Avenue and Scott Avenue. According to Officer Fairbanks, [petitioner] was not wearing his seatbelt. Officer Fairbanks stopped the Camry and obtained identification from [petitioner] and his passenger, Ollis Welch, Jr. Officer Fairbanks testified that as he spoke with [petitioner], he smelled marijuana and that, as a result, he asked [petitioner] if the men had any marijuana in the car. When the men responded that they did not, Officer Fairbanks "opened the driver's door and told [petitioner] to step out." At that point, [petitioner] told Officer Fairbanks to "hold on." [Petitioner] then "grabbed the door, pulled it back shut. At the same time, he put the car in gear and sped away." According to Officer Fairbanks, [petitioner] "blasted right through" a nearby four-way stop sign. Officer Fairbanks conceded that there were no other persons or cars in the area when [petitioner] fled in the Camry.

> Officer Fairbanks lost sight of the Camry as he got into his patrol car to follow, but he caught the car a short distance later. At that point, the Camry slowed to a stop, and both men got out of the car and laid on the ground. Searches of both men and the vehicle failed to yield any contraband. Officers did discover $10,220 on [petitioner]'s person, $5,000 of which [petitioner] had stuffed "in between the fleshy part of his buttocks." Mr. Welch had $5,114 in his possession. Other officers who searched along the route traveled by the Camry discovered "a sandwich bag" containing "several small yellow pills" in a tomato patch.

> Other evidence established that the route taken by the Camry passed within 1,000 feet of both Bailey Middle School and Rosebank Elementary School. Tennessee Bureau of Investigation testing established that the sandwich bag contained 1,413 hydromorphone tablets manufactured by Abbott Laboratories and that the weight of the hydromorphone was 127.1 grams.

Metro Lieutenant William Mackall testified as an expert in illegal narcotics trafficking that the packaging of the hydromorp[h]one tablets in this case into smaller, bagged quantities of 50 to 100 pills indicated that they were intended for sale to intermediate level drug sellers rather than street level drug consumers. Lieutenant Mackall explained that a street level user typically purchased less than four pills. He also explained that the average street price for a hydromorphone tablet at the time of the offenses was $15.

Ollis Welch, Jr., testified on behalf of [petitioner] that on September 7, 2006, he and [petitioner] were driving to Mr. Welch's mother's house when they were stopped by Officer Fairbanks. He said that [petitioner], who had warned Mr. Welch that he might "have to take off" from the officer, sped away after Officer Fairbanks asked him to step out of the car. Mr. Welch said that as they drove away, he noticed for the first time a plastic bag containing a large number of pills. He said that he "grabbed" the bag and threw it out the window. Mr. Welch, who acknowledged that he knew [petitioner] to be a drug dealer, denied placing the pills in the car and disclaimed any ownership in the contraband.

*Cantrell Lashone Winters*, 2011 WL 1085101, at *1-2.

The jury convicted the petitioner of possession of fifty grams or more of hydromorphone in a school zone with intent to sell and Class D felony evading arrest. *Id.* at *1. The petitioner appealed his convictions, arguing *inter alia*, that the evidence was insufficient to support his convictions. *Id.* at *5-6. This court modified the evading arrest conviction to a Class E felony but otherwise affirmed the judgments of the trial court. *Id.* at *6, 8.

Petitioner filed a pro se petition for post-conviction relief, alleging that both his trial counsel and appellate counsel provided ineffective assistance.[2] The trial court appointed counsel and held a hearing on the petition. At the hearing, petitioner's co-defendant, Ollis Welch, testified that he "had no knowledge of speaking with" trial counsel prior to petitioner's trial. He further testified that "to the best of [his] knowledge," the drugs involved in this case were not petitioner's. He pleaded the Fifth Amendment when asked whether the drugs were his and whether he put the drugs in the vehicle.

---

[2] Petitioner has not addressed appellate counsel's performance in this appeal. Therefore, any argument that appellate counsel's performance was ineffective is waived. *See.* Tenn. Ct. Crim. App. R. 10(b).

Petitioner testified that he asked trial counsel to have Mr. Welch testify at his trial before he knew how Mr. Welch testified at his own sentencing hearing. He said that he believed he did not have a choice about whether Mr. Welch testified after he had been subpoenaed. He testified that the State did not present any direct evidence that the drugs had actually been in the vehicle. On cross-examination, petitioner recalled that trial counsel told him that it was not a good idea to have Mr. Welch testify.

Trial counsel testified that he had been licensed to practice law since 1976 and that he had exclusively practiced criminal defense law for the twelve years prior to the post-conviction hearing. Trial counsel said that prior to trial, petitioner had been very insistent that Mr. Welch testify at his trial despite the fact that Mr. Welch's testimony during his own sentencing hearing was not favorable to petitioner. Trial counsel testified that his trial notes indicated that he spoke with Mr. Welch prior to jury selection. He recalled that he asked the trial court to allow petitioner's stepfather to meet with petitioner. The purpose of that meeting was to allow petitioner's stepfather to attempt to dissuade petitioner from calling Mr. Welch to testify. Trial counsel testified that petitioner remained adamant about presenting Mr. Welch's testimony.

Following the hearing, the post-conviction court filed a written order denying the petition for post-conviction relief. In the order, the post-conviction court ruled that petitioner's ineffective assistance of counsel issue was waived as it had been previously determined in the motion for new trial proceedings.

## II. Analysis

Petitioner argues that trial counsel was ineffective for failing to interview Welch prior to trial and for presenting Welch as a defense witness. The State responds that trial counsel "made an informed strategic choice to present the testimony." Neither party has addressed the post-conviction court's actual order denying relief based on its finding that the issue had been previously determined.

Tennessee Code Annotated section 40-30-106(f)-(h) provides that a trial court should dismiss a petition for post-conviction relief without a hearing if the allegations have been waived or previously determined. The statute further states:

> A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

Tenn. Code Ann. § 40-30-106(h).

The post-conviction court properly ruled that the petitioner's allegations regarding his trial counsel's performance had been previously determined. The post-conviction court concluded that petitioner had argued in his motion for new trial that trial counsel had provided ineffective assistance. Trial counsel testified at the motion for new trial, and that testimony was admitted as an exhibit to the post-conviction hearing. The trial court denied the motion for new trial, and the record reflects that it determined that trial counsel was not ineffective. Appellate counsel did not address the ineffectiveness of counsel in petitioner's direct appeal.

This court wrote in the direct appeal opinion that "[d]espite raising the issue in his motion for new trial and calling trial counsel as a witness at the hearing on the motion for a new trial, the defendant specifically 'does not challenge the effectiveness of his appointed counsel' on appeal." *See Cantrell Lashone Winters*, 2011 WL 1085101, at *3. Unfortunately for petitioner, appellate counsel's failure to raise the issue in the direct appeal did not have the effect of preserving the issue for post-conviction proceedings. "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented[.]" Tenn. Code Ann. § 40-30-106(g). As noted, petitioner does not address appellate counsel's performance in this appeal. We conclude that the ineffectiveness of petitioner's trial counsel is a matter previously determined after a full and fair hearing in a court of competent jurisdiction, and the post-conviction court properly denied relief on that basis. *See* Tenn. Code Ann. § 40-30-106(h).

## CONCLUSION

Based on the record, the parties' briefs, and the applicable law, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE